UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

JUAN CARLOS GIL,

    Plaintiff,

v.

VALENCIA CHRISTINA NARDELL;
GERALDINE MARIE WALTERS;
NARICE TAUN KUNSE; And TOSCANA
PIZZERIA AND COFFEE SHOP CORP,

    Defendants.

_____/

## COMPLAINT

Plaintiff, JUAN CARLOS GIL, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues VALENCIA CHRISTINA NARDELL; GERALDINE MARIE WALTERS; NARICE TAUN KUNSE; and TOSCANA PIZZERIA AND COFFEE SHOP CORP (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

5. Defendant, VALENCIA CHRISTINA NARDELL, is an individual over eighteen years of age, who resides in Peachtree City, Georgia, and is otherwise *sui juris.*

6. Defendant, GERALDINE MARIE WALTERS, is an individual over eighteen years of age, who resides in Newnan, Georgia, and is otherwise *sui juris.*

7. Defendant, NARICE TAUN KUNSE, is an individual over eighteen years of age, who resides in Newnan, Georgia, and is otherwise *sui juris.*

8. At all times material, Defendants, VALENCIA CHRISTINA NARDELL; GERALDINE MARIE WALTERS; and NARICE TAUN KUNSE, owned and operated a commercial retail center located at 3401 SW 8th Street, Miami, Florida 33135 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

9. At all times material, Defendant, TOSCANA PIZZERIA AND COFFEE SHOP CORP, owned and operated a commercial restaurant at 3411 SW 8th Street, Miami, Florida 33135[1] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, TOSCANA PIZZERIA AND COFFEE SHOP CORP, holds itself out of the public as "La Original Pizza Cubana."

10. At all times material, Defendant, TOSCANA PIZZERIA AND COFFEE SHOP

---

[1] This address is located within the commercial retail center owned and operated by Defendants, VALENCIA CHRISTINA NARDELL; GERALDINE MARIE WALTERS; and NARICE TAUN KUNSE, listed at 3401 SW 8th Street, Miami, Florida 33135.

2

CORP, was and is a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Miami, Florida.

11. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

12. Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

13. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses and properties.

14. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

15. Plaintiff, JUAN CARLOS GIL, is an individual with disabilities as defined by and pursuant to the ADA. JUAN CARLOS GIL uses a wheelchair to ambulate. JUAN CARLOS GIL has very limited use of his hands, which makes it increasingly difficult for him to hold objects weighing more than five (5) pounds. He also has a great deal of trouble walking or otherwise ambulating more than a few yards without the use of a wheelchair, and is only able to stand for no more than a couple minutes at a time. Plaintiff is substantially limited in major life activities due

to his impairment including but not limited to an impaired ability to walk, stand, grab, grasp and/or pinch.

16. Defendants, VALENCIA CHRISTINA NARDELL; GERALDINE MARIE WALTERS, and NARICE TAUN KUNSE, owns, operates and oversees the Commercial Property, its general parking lot and parking spots.

17. The subject Commercial Property is open to the public and is located in Miami, Miami-Dade County, Florida.

18. The individual Plaintiff visits the Commercial Property and businesses located within the Commercial Property, regularly, to include visits to the Commercial Property and businesses located within the Commercial Property on or about April 12, 2021 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and businesses located therein. He often visits the Commercial Property and businesses located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately two (2) miles from his residence, and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property and the businesses located within the Commercial Property within two (2) months of the filing of this Complaint, specifically on or before June 12, 2021.

19. Plaintiff resides nearby in the same County and state as the Commercial Property and the businesses located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the businesses located within the Commercial Property for the intended purposes because of the proximity to his residence and other businesses that he frequents as a patron, and intends to return to the Commercial Property and businesses located

within the Commercial Property within two (2) months from the filing of this Complaint, specifically on or before June 12, 2021.

20. The Plaintiff found the Commercial Property, and the businesses located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and businesses located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

21. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JUAN CARLOS GIL, and others similarly situated.

22. Defendants, VALENCIA CHRISTINA NARDELL; GERALDINE MARIE WALTERS, NARICE TAUN KUNSE; and TOSCANA PIZZERIA AND COFFEE SHOP CORP, own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, VALENCIA CHRISTINA NARDELL; GERALDINE MARIE WALTERS, NARICE TAUN KUNSE; and TOSCANA PIZZERIA AND COFFEE SHOP CORP, are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, VALENCIA CHRISTINA NARDELL; GERALDINE MARIE WALTERS, NARICE TAUN KUNSE; and TOSCANA

PIZZERIA AND COFFEE SHOP CORP, own and operate the Commercial Property Business located at 3411 SW 8th Street, Miami, Florida 33135.

23. Plaintiff, JUAN CARLOS GIL, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Counts I through II of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure himself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

24. Defendants, VALENCIA CHRISTINA NARDELL; GERALDINE MARIE WALTERS, NARICE TAUN KUNSE, are landlords and owners of the Commercial Property Business, is responsible for all ADA violations listed in Counts I through II.

25. Plaintiff, JUAN CARLOS GIL, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and businesses located within the Commercial Property, but not necessarily limited to the allegations in Counts I through II of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the

Commercial Property, and businesses within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses within the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property and businesses located within the Commercial Property, but to assure himself that the Commercial Property, and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

26. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS
## AS TO VALENCIA CHRISTINA NARDELL;
## GERALDINE MARIE WALTERS; AND NARICE TAUN KUNSE

27. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

28. Defendant, VALENCIA CHRISTINA NARDELL; GERALDINE MARIE WALTERS; and NARICE TAUN KUNSE, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Parking and Exterior Accessible Route

i. Accessible spaces are not located on compliant accessible routes to enter the buildings,

      preventing Mr. Gil's safe unloading from vehicles and accessing facilities violating ADAAG Section 4.6 and Section 502 of the 2010 ADA Standards where the solution is readily achievable.

ii. Shopping Center areas have parking for over 30 cars without adequate compliant spaces designated as accessible. Spaces are improperly marked, lack clear level access aisles and have slopes with abrupt changes of level within the spaces, violating Sections 502, 502.3 and 502.4 of the 2010 ADA Standards. Conditions prevent the free and safe unloading from vehicles for Mr. Gil as a wheelchair user.

iii. Built-up curb ramps to access the Shopping Center stores are improperly designed with excessive slopes and cross slopes. There are ramps obstructing access aisles preventing use by Mr. Gil.

iv. The Shopping Center fails to provide proper van accessible spaces and there is no compliant accessible route to the adjacent bus stop, street or sidewalk impeding Mr. Gil and violating Sections 206.2.1 and 502 of the 2010 ADAS.

    B. <u>Entrance Access and Path of Travel</u>

i. Curb ramps leading to store areas from parking have excessive slopes and cross slopes endangering Mr. Gil violating 2010 ADAS Section 405 and ADAAG Section 4.7.

ii. Cross slopes, changes of level and incomplete walks impede Mr. Gil's path of travel to and through shopping areas and from streets, sidewalks and transit violating ADAAG Section 4.3 and 2010 ADAS Sections 303, 304 and 403.

    C. <u>Access to Goods and Services</u>

i. The center fails to make reasonable accommodations in policies, practices and procedures to

    provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

ii. Dining, check-out and work surface areas throughout the Shopping Center are inaccessible to the plaintiff and violate various ADAAG and 2010 ADAS requirements.

**COUNT II – ADA VIOLATIONS**
**AS TO VALENCIA CHRISTINA NARDELL; GERALDINE MARIE WALTERS;**
**NARICE TAUN KUNSE; and TOSCANA PIZZERIA AND COFFEE SHOP CORP**

29. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

30. Defendants, VALENCIA CHRISTINA NARDELL; GERALDINE MARIE WALTERS; NARICE TAUN KUNSE; and TOSCANA PIZZERIA AND COFFEE SHOP CORP, have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. <u>Public Restrooms</u>

i. Mr. Gil could not access tenant restrooms, violating the ADAAG and 2010 ADAS Section 603. The door to enter and exit the restroom in Pizza Cubana lacks proper hardware violating ADAAG and Section 404 of the 2010 ADAS.

ii. Mr. Gil could not safely use tenant restroom water closet in Pizza Cubana there is no rear or side grab bar and its centerline is under 16" from the wall violating Section 4.16 of the ADAAG and 2010 ADAS Section 604.

   iii.    Plaintiff could not use coat hooks, soap, towel and seat cover dispensers mounted beyond reach ranges in Section 4.2 of the ADAAG and ADAAS Section 308 in tenant restrooms. Toilet paper dispensers are improperly located in violation of ADAAG Section 4.16 and the 2010 ADAS in tenant restrooms.

   iv.    Plaintiff could not use tenant restroom lavatories or mirrors. Pizza Cubana lacks knee and toe space at the sink and the mirror is mounted beyond limits in ADAAG Section 4.19 and ADAS Sections 603.3 and 606.

   v.    Mr. Gil could not use urinals in tenant restrooms, at Pizza Cubana the rim is mounted above 17" AFF in violation of ADAAG Section 4.18 and 2010 ADAS Section 605.

## RELIEF SOUGHT AND THE BASIS

31. The discriminatory violations described in Counts I through II are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JUAN CARLOS GIL, from further ingress, use, and equal enjoyment of the Commercial Business and businesses located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

32. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

33. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

34. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all

those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

35. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

36. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

37. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at and/or within the commercial property located at 3411 SW 8th Street, Miami, Florida 33135, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, JUAN CARLOS GIL, respectfully requests that this

Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: May 11, 2021.

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
                aquezada@lawgmp.com

By: ___*/s/ Anthony J. Perez*___
     ANTHONY J. PEREZ
     Florida Bar No.: 535451
     BEVERLY VIRUES
     Florida Bar No.: 123713